## No. 2296.—James Meagher v. A. B. Reading.

*A promise to sell a lot of cotton is void as against an innocent third purchaser, to whom it was subsequently sold and delivered, if the price had not been paid and the cotton delivered before the second sale and delivery.*

APPEAL from the Fourth District Court, parish of Orleans. *Théard*, J. *Hays & New* and *C. Roselius*, for plaintiff and appellee. *Samuel R. Walker*, for defendant and appellant.

WYLY, J. The defendant has appealed from a judgment condemning him to deliver to the plaintiff one hundred and twenty-four bales of cotton, sequestered as the property of the latter.

The ownership of the property claimed by the plaintiff is not satisfactorily established by the evidence.

That the plaintiff made an agreement with A. P. Bush, of Hines county, Mississippi, for the purchase of the cotton in 1863, there is no doubt, and that this contract was modified by a verbal agreement between the same parties in 1865, there is no doubt; but the evidence fails to satisfy us that the promise to sell was ever consummated by the payment of the price and by delivery of the thing.

It is true Bush testifies that he made the delivery, but this contradicts his sworn statement in the suit of Bush v. Birdsong, in the County Court of Warren county, Mississippi, where this identical property was in contestation, and he recovered it in May, 1866, upon his affidavit that he was the owner thereof, a copy of the said proceedings being in evidence. The delivery is also contradicted by his sworn statements

and by other proof in the suit of James Meagher *v.* A. P. Bush et als., in the Special Court of Equity, at Jackson, Mississippi, in July, 1865, in which the validity of the said purchase was involved, a copy of said proceedings also being in evidence.

There is no doubt that the defendant obtained the cotton from Bush under the contract of sale made by the latter to one Mahone, in 1865, from whom the defendant acquired title. This cotton having been seized and taken from the defendant by process of court in Warren county, Mississippi, and subsequently released by the County Court of said county to the said Bush, was by the latter redelivered to the defendant, and by him shipped to this city.

We think the plaintiff has failed to make out his case.

It is therefore ordered that the judgment appealed from be avoided and annulled, and it is ordered that there be judgment for the defendant, plaintiff paying all costs.

Rehearing refused.